WHATLEY, Judge.
M.J.Y., a juvenile, appeals his adjudications of delinquency and sentences for possession and delivery of cocaine in case number UCN 00-3849, and he appeals his sentences for trespass and disrupting a school function in case number UCN 00-5156. We affirm the adjudication and sentences in case number UCN 00-3849 without discussion. However, we reverse M.J.Y.’s sentences in case number UCN 00-5156, because the trial court erred in committing him to the Department of Juvenile Justice for an indeterminate term.
A disposition order that provides for an indeterminate period of commitment that exceeds the statutory maximum for the offense constitutes an illegal disposition. AW. v. State, 787 So.2d 149 (Fla. 2d DCA 2001). Here, M.J.Y. was convicted of disrupting a school campus or function and trespass in an occupied structure. The offense of disrupting a school campus or function is a misdemeanor of the second degree, punishable by up to sixty days in jail. § 877.13(l)(a), Fla. Stat. (1999); § 775.082(4)(b), Fla. Stat. (1999). Trespass in an occupied structure is a misdemeanor of the first degree, punishable by no more than one year in jail. § 810.08(2)(b), Fla. Stat. (1999); § 775.082(4)(a), Fla. Stat. (1999). Therefore, we reverse the disposition order in case number UCN 00-5156 and remand for entry of a new order that limits the commitment term to the statutory maximum for the offenses.
Accordingly, we affirm M.J.Y.’s adjudications of delinquency and sentences in case number UCN 00-3849 and his adjudications of delinquency in case number UCN 00-5156, but we reverse his sentences in case number 00-5156 for entry of an order that limits the commitment term to the statutory maximum for the offenses.
Affirmed in part; reversed in part; and remanded with directions.
NORTHCUTT and SILBERMAN, JJ., Concur.