NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


K.A.,                                    )
                                         )
            Appellant,                   )
                                         )
v.                                       )        Case No.   2D13-67
                                         )
STATE OF FLORIDA,                        )
                                         )
            Appellee.                    )
_____)

Opinion filed December 3, 2014.

Appeal from the Circuit Court for
Hendry County; James D. Sloan,
Judge.

Howard L. Dimmig, II, Public Defender,
and Allyn M. Giambalvo, Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee and Donna S. Koch,
Assistant Attorney General, Tampa,
for Appellee.


KELLY, Judge.

            K.A. challenges the disposition order that finds she committed the

delinquent acts of improper exhibition of a weapon and simple battery and places her on

probation. We remand for correction of the order to reflect the length of probation K.A. is required to serve for the battery charge.

The trial court adjudicated K.A. delinquent for improper exhibition of a weapon, a first-degree misdemeanor. The court placed K.A. on probation but failed to specify the length of the probationary term. A court may place an *adjudicated* delinquent child on probation for a period that "may not exceed the term for which sentence could be imposed if the child were committed for the offense." § 985.435(5), Fla. Stat. (2012); see also A.W. v. State, 787 So. 2d 149, 149 (Fla. 2d DCA 2001). A first-degree misdemeanor is punishable by a term of imprisonment not exceeding one year. § 775.082(4)(a), Fla. Stat. (2012). Therefore, the longest K.A. could have been placed on probation for improper exhibition of a weapon was one year. "A disposition order that provides for an indeterminate period of commitment that exceeds the statutory maximum for the offense constitutes an illegal disposition." M.J.Y. v. State, 811 So. 2d 700, 701 (Fla. 2d DCA 2002). Since K.A. was adjudicated delinquent in December 2012, her probation for improper exhibition of a firearm should have terminated in December 2013.

As for the battery charge, the court withheld an adjudication of delinquency. Section 985.35(4) allows a trial court to *withhold adjudication* and place a child who "has committed a delinquent act" on probation, but unlike section 985.435(5), this section does not provide for a limitation on the length of the probation. R.F. v. State, 42 So. 3d 333, 334-35 (Fla. 2d DCA 2010) (noting that when the trial court withholds adjudication of delinquency, it may impose probation until a juvenile's nineteenth birthday). It is not clear from the record whether the trial court intended to

place K.A. on an indefinite period of probation or whether it was an oversight that the length of probation was not specified. Accordingly, we reverse and remand for determination of the length of K.A.'s probation for the simple battery charge. See J.M.W. v. State, 935 So. 2d 630, 632 (Fla. 2d DCA 2006) (remanding for the trial court to clarify its intention concerning the length of probation upon withholding adjudication).

Affirmed in part, reversed in part, and remanded with directions.

DAVIS, C.J., and LaROSE, J., Concur.